1843.

The People's
Bank
v.
The Hamilton
Manuf. Co.

Decree accordingly.

---

## THE PEOPLE'S BANK *vs.* THE HAMILTON MANUFACTURING COMPANY.

A judgment creditor of the mortgagor, whose judgment was recovered pending the foreclosure suit and after the filing of the notice of the pendency and object of the suit, is not entitled to come in, by petition, and make a defence in such suit, under the provisions of the act to reduce the expense of the foreclosure of mortgages in the court of chancery. The statute only applies to persons who had a lien upon the mortgaged premises by judgment or decree, or some interest therein under such judgment or decree, at the time of the commencement of the foreclosure suit.

# 482

**1843.**

The People's Bank

v.

The Hamilton Manuf. Co.

Purchasers pendente lite, and creditors obtaining liens upon the mortgaged premises subsequent to the commencement of a foreclosure suit and to the filing of the notice of lis pendens, can only make themselves parties to the suit by filing a bill to protect their rights.

A judgment creditor of the mortgagor who applies to the court after a decree in the cause, for leave to come in and make a defence in a foreclosure suit, under the act of 1840, must show upon oath that he has a defence, and state what it is. And it is not sufficient for him to state that he is informed and believes he has a good defence; without procuring the affidavit of the person who gave him the information.

November 23.

This was an appeal by H. F. Sewall from a decision of the vice chancellor of the fifth circuit, denying the appellant's application to become a party to this suit, and for permission to come in and make a defence to the same. The bill was filed in April, 1842, to foreclose a mortgage given to the complainant in July, 1839, by the Hamilton Manufacturing Company, the only defendant in the suit. A notice of the pendency of the suit, and of the object thereof, was duly filed in the clerk's office of the county where the mortgaged premises were situated. The defendant appeared and answered the bill, and a replication was filed and proofs taken. The cause was brought to a hearing, on the 7th of March, 1843, and the usual decree was entered for a reference to a master to compute the amount due, and for a sale of the premises upon the confirmation of the master's report. About a week after this decree was entered the appellant caused an execution to be issued, upon a judgment recovered, in the names of Phelps & Brickford, in November, 1842, against the defendant in this suit ; under which execution the sheriff sold the interest of the defendant in the mortgaged premises, in June, 1843, and the same was bid in by the appellant, H. F. Sewall. The purchaser thereupon presented a petition to the vice chancellor setting forth the above facts, substantially, and also stating in general terms, upon his information and belief merely, that the mortgage to the complainant never was legally executed so as to be binding in law upon the defendant, as the deed of the company ; and that if it was ever executed by the company it was given upon an usurious, void, and unlawful contract, and was therefore invalid as against the de-

fendant, and as against the petitioner, as purchaser of the mortgaged premises, under the judgment.

1843.

The People's Bank
v.
The Hamilton Manuf. Co.

*W. Tracy*, for the appellant.

*C. P. Kirkland*, for the respondent.

THE CHANCELLOR. The order of the vice chancellor denying the appellant's application in this case was right, for various reasons. Independent of the fact that the contract or loan, upon which the defendant's bond and mortgage were given, was made in Massachusetts, and therefore not affected by the usury laws of this state, there is no specification of the nature of the alleged usury in the petition, so as to give the officers of the bank an opportunity to deny what is only stated in general terms, upon information and belief. And they have in fact denied the charge of usury, so far as it was possible to deny such a general allegation, by showing that the mortgage was given upon a contract which appears to have been legal, and not tainted with usury.

Again ; as to the supposed defence upon the ground that the bond and mortgage were not duly executed by the defendant as a corporation, the cause having proceeded to a decree, the court is bound to presume that the bond and mortgage upon which such decree was based were duly executed, until the contrary is shown. And a party in interest who applies to come in and defend, in this stage of the suit, is bound at least to show a probable defence on his part. Here the complainant is not in possession of the corporate books of the defendant, and is not in a situation to be supposed to know, and to be able to state in an affidavit all the facts, as to the authority of the officer of the corporation who affixed its seal to the bond and mortgage. In such a case it is not sufficient for the party making an application to come in and defend a suit, in the place of the defendant therein, to swear to his information and belief merely, that the bond and mortgage were not legally executed

1843.

The People's
Bank
v.
The Hamilton
Manuf. Co.

by the defendant, and then leave the complainant to show the contrary. But he should, in his petition, state specifically that the corporate seal was affixed to the bond and mortgage without authority, or surreptitiously. And if the petitioner is not personally acquainted with the facts, but has derived his information from others, he should annex to his petition their affidavits, showing that the information which they gave him was true.

I think the vice chancellor was also right in supposing that this was not a case coming within the act of May, 1840, which allows a judgment creditor who has not been made a party to a bill of foreclosure, or any other person claiming any right or equity of redemption under a judgment, to apply and be made a party to the suit. The object of that provision was to protect the rights of creditors by judgment or decree, subsequent to the mortgage, and persons claiming under them, who must have been made parties to the foreclosure suit, previous to the act of 1840, in order to bar their rights of redemption. Before the passage of that act a purchaser, pendente lite, from a defendant in the suit, after the filing of the notice of lis pendens, and creditors by judgment or decree, against such defendant, who had obtained their liens upon the mortgaged premises during the pendency of the foreclosure suit, were bound by the proceedings and decree, although they were not actual parties. And if they wished to interpose a defence, they could only do it in the name of the defendant. Or if he colluded with the complainant, or refused to permit those who had acquired interests under him, subsequent to the commencement of the suit, to make a proper defence in his name, their only remedy was to make themselves parties to the suit, by a bill to protect their rights. (*Mitf. Pl.* 73. *Story's Eq. Pl.* 286, § 351. *Foster* v. *Deacon,* 6 *Mad. Rep.* 59.)

The order appealed from is therefore affirmed with costs.