CATHARINE S. FULLER AND M. LOUISA FULLER, APPELLANTS, *v.* G. HILTON SCRIBNER AND OTHERS, DEFENDANTS, AND GEORGE H. PURSER, PURCHASER, RESPONDENT.

*Money judgment recovered, before service of the summons, but after the filing of the lis pendens in a foreclosure action — cut off by the judgment of foreclosure.*

On September 17, 1877, this action, to foreclose a mortgage, was commenced by filing the complaint and notice of *lis pendens* in the county clerk's office, and by the service of the summons and complaint on two of the defendants, the other defendants being subsequently served. Ryan, the owner of the equity of redemption, was served October 13, 1877. September 24, 1877, and before the service on Ryan, a money judgment was recovered and docketed against him. *Held*, that although the judgment-creditors were not made parties to the action, yet their interests were cut off by the judgment and sale in this action.

APPEAL from an order made at Special Term, denying a motion made by the plaintiffs to compel George H. Purser, the purchaser at the sale made under a judgment of foreclosure and sale of mortgaged premises, to complete his purchase, etc

The action was commenced by filing the complaint and notice of pendency of action in the Westchester county clerk's office, and making personal service of summons on Sarah P. Scribner and Patrick Kelly, two of the defendants, on the 17th day of September, 1877; followed by subsequent service on the other defendants. It appeared that James M. Thorburn and others, after the commencement of this action, as above stated, recovered a judgment in Westchester county on the 24th September, 1877, against Timothy Ryan, the owner of the equity of redemption of the mortgaged premises. These judgment-creditors were not parties to this action. Ryan was not served with the summons in the foreclosure suit until the 13th of October, 1877, and after the recovery and docketing of the judgment against him by Thorburn and others. Judgment in the foreclosure suit was perfected March 30th, 1878, for $5,448.66, principal and interest, and $344.13 costs and allowance. George H. Purser purchased the premises at the sale under the foreclosure judgment for $8,000. Purser refused to take title on the ground that the judgment in favor of James M. Thorburn and others was a subsisting lien on the property, and not affected by the foreclosure judgment.

*D. Hawley*, for the appellants. An action for the foreclosure of mortgage is virtually *in rem*, and if commenced as to one defendant must necessarily be commenced as to all. (*Cleveland* v. *Boerum*,, 24 N. Y. R., 613, 622; *Lamont* v. *Cheshire*, 65 N. Y., 30.) The judgment-creditors of Ryan, whose judgment was recovered *pendente lite*, have no right of redemption here. Their judgment being recovered subsequent to the commencement of the action, they are subsequent incumbrancers. (*Cook* v. *Mancius*, 5 Johns. Ch. R., 89; *People's Bank* v. *Hamilton Manuf. Co.*, 10 Paige C. R., 481; Code of Procedure, § 282; Code of Civil Procedure, § 1251; 3 R. S. [5th ed.], 637; Burrill's Law Dictionary, "Incumbrance;" Webster's Dictionary, "Incumbrance;" Act of 1823, Laws of 1823, p. 213, § 11; 2 R. S. [1st ed.], p. 174; 2 Edmond's Statutes, p. 181, § 43.) The words in section 132, " and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded, shall be deemed a subsequent purchaser or

incumbrancer," do not limit the section to specific liens recorded at length in the county clerk's or register's office. (Webster's Dictionary, verb "record," noun "record;" 3 R. S. [5th ed.], p. 638, §§ 10, 11, 12, where "record" of judgment is alluded to, and p. 642, § 27, "satisfied of record;" *Craig* v. *Ward*, 36 Barb. S. C. R., 382; *Catlin* v. *Billings*, 16 N. Y. [2 Smith[, 622; *Jackson* v. *Walker*, 4 Wend. R., 462; *Smith* v. *Briggs*, 9 Barb., S. C. R., 252; *Crandall* v. *Cropsey*, 10 N. Y. Legal Obs., 1, citing *Lombard* v. *Bayard*, WALLACE, J., 7 Pennsylvania Law Jour., 250.)

*Thomas Allison*, for Purser (the purchaser), the respondent. A *lis pendens* filed has no force or effect, except such as is prescribed by section 132 of the old Code. (*Rodgers* v. *Bonner*, 45 N. Y. R., 387.) If an incumbrancer by judgment is not an incumbrancer within the meaning of section 132 of the Code, then his rights are determined by the old chancery practice. Under that practice it was well settled that the pendency of the action was notice only from the time of the service of the subpœna after bill filed. (*Murray* v. *Winter*, 1 Johns. Ch., 566; *Skee* v. *Spraker*, 8 Paige, 184, 189; *Hayden* v. *Bucklin*, 9 Paige, 512.)

BARNARD, P. J.:

The question whether a judgment-creditor was an incumbrancer, within the meaning of section 132 of the Code, was not presented by the facts of the case in *Rodger* v. *Bonner* (45 N. Y., 379). In that case a levy had been made by attachment upon certain lands. Before judgment was obtained in the attachment suit another creditor recovered judgment, and the Court of Appeals decided that the levy took precedence of the judgment recovered after the levy; that the levy created a lien, and that the judgment was subject to all prior liens, whether the creditor knew of the lien or not. The case is no authority for holding that when a foreclosure suit is commenced, and when the notice of *lis pendens* is duly filed, and the summons partly served on all the parties who were proper at the date of the filing of the notice of *lis pendens*, a judgment subsequently obtained is not cut off by the decree of foreclosure. Such a doctrine is opposed to the general

understanding and practice of the profession. It cannot be sustained by authority. A judgment *in rem* (a foreclosure action is virtually so) binds the parties litigant and all the others, if the suit was commenced against the proper parties. (*Cleveland* v. *Boerum*, 24 N. Y., 613.) It binds all parties and all who claim under them "by any means." (*Cleveland* v. *Boerum*, 27 Barb., 252.) Notice of pendency is designed " to carry out the well-known legal maxim *pendente lite nihil innoventur*." (*Lamont* v. *Cheshire*, 65 N. Y., 30.) Judgment-creditors, by judgments obtained after filing notice of *lis pendens* in foreclosure suits, could not be made parties at their own request. (*People's Bank* v. *Hamilton Manuf. Co.*, 10 Paige, 481.) An incumbrancer by judgment *pendente lite* need not be made a party. (*Cook* v. *Mancius*, 5 Johns. Chy., 89; *Bishop of Winchester* v. *Paine*, 11 Vesey, 194.) Unless a judgment-creditor, after notice of *lis pendens* filed, is cut off by the decree, a foreclosure action would be interminable, or it could be made so by the confession or recovery of judgments against the owner of the equity of redemption. Many titles would be unsettled.

The order should be reversed, with costs and disbursements, and an order granted that the purchaser take the title.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order reversed, with costs and disbursements, and order granted that purchaser take title.