## BARNES v. CAVANAGH ET AL.

53 27
88 495

53 27
119 587
119 590

1. **Execution**: PROPERTY SUBJECT TO: RIGHT OF REDEMPTION. The plaintiff was surety upon a bond for stay of execution; the stay having expired execution was issued, which the plaintiff directed to be levied upon the interest of the judgment defendant in certain real estate which had been sold under a foreclosure against him, but to which his right of redemption had not expired. The sheriff having refused to levy on such property, and proceeding to levy on property of the plaintiff, and it being shown that the interest of the defendant in such real estate could be sold for the amount of the execution, it was held that the plaintiff was entitled to an injunction restraining the sale of his property until that of his principal had been exhausted.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 16.

ACTION IN EQUITY. The action was dismissed on the merits and plaintiff appeals.

*Clark & Haddock,* for appellant.

*Boal & Jackson,* for appellee.

SEEVERS, J.—The facts are that in 1870 the defendant Bailey sold to Tyler certain real estate, and gave the latter a bond in which Bailey agreed he would convey to Tyler the real estate upon the payment of the purchase money. Tyler went into possession and

made improvements. Failing to pay the purchase money a judgment was obtained by Bailey against Tyler in June, 1875, for interest due, costs and attorney's fees. Execution on this judgment was stayed by the plaintiff.

Afterward Bailey brought an action to foreclose the bond, and a judgment was rendered therein against Tyler in November, 1875, for the principal debt and such interest as had accrued thereon subsequent to the first judgment. The bond was foreclosed and a special execution directed to issue for the sale of the real estate. The premises were sold under an execution issued on said judgment in January, 1876, to Bailey. Tyler had the right to redeem from this sale within one year.

In October, 1876, Bailey caused an execution to issue on the first judgment against Tyler and the plaintiff. By direction of the latter, and contrary to the directions of Bailey, the defendant Cavanagh, as sheriff, levied on the interest of Tyler in said real estate. It was duly advertised for sale. Because of directions received from Bailey the sheriff refused to offer the property for sale, although the plaintiff was ready and willing to bid therefor the amount of the execution and costs, and the execution was returned by the sheriff.

Subsequently Bailey caused another execution to issue, which was levied on the property of the plaintiff. To restrain the sale of such property, and in some form or manner to charge the real estate aforesaid with the payment of said judgment, is the object of this action. The legal propositions necessary to be determined are, whether Bailey can be compelled to resort to Tyler's interest in the real estate to obtain satisfaction of his judgment before he can call on the plaintiff. The judgment in which the plaintiff stayed execution was general. No special lien was created thereby which, by operation of law or otherwise, related back of the judgment. It, therefore, became a lien on Tyler's interest from its rendition only. Code, section 2883.

The judgment rendered in the foreclosure proceeding related

back to the date of the bond. The lien of such judgment was, therefore, the prior lien on the real estate. But Tyler either had, or was entitled to, possession of said real estate and also the right to redeem from the sale made under the senior lien. It was upon this right or interest the levy was made, and the question is whether such interest was, or could be, subject to levy under execution. We think it could, and the purchaser would have obtained the right to redeem from the previous sale, and also the right to the immediate possession of the premises, for the reason that from such sale Tyler was not entitled to redeem. Code, section 3102.

It is urged that the plaintiff, as surety for Tyler, could not point out and require Bailey to levy on the incumbered property of the principal debtor. This question we are not required to determine, because the objection that the property was incumbered would be without weight if any person was ready and willing to bid, when offered for sale, the amount of the execution and costs. This must be true, at least as to Bailey, for if the sale had taken place and the plaintiff had bid the amount of the execution for Tyler's interest in the real estate, this would have satisfied the debt, and more than this Bailey could not with reason ask.

As Tyler had an interest in the real estate, Bailey could not levy on the property of the plaintiff until the property of the principal debtor was exhausted. All the surety has to do in such case, in order to protect his property from being levied upon, is to point out property belonging to the principal debtor. This was done in this case, and the property should have been offered for sale.

It is urged by the appellee Bailey that such sale would have incumbered his right or title. It is clear, however, as he held under the first lien the plaintiff would take nothing by his purchase but the right to redeem and the immediate possession. The right of redemption probably existed without the formula of a sale. But it only existed during the period

of nine months from the sale, while Tyler's right existed for the period of twelve months, and this the plaintiff would have obtained had the sale taken place, and he had become the purchaser thereat. Before the plaintiff could have redeemed independently of the sale he probably would have been compelled to pay the judgment on which he was surety.

The plaintiff, by a purchase of Tyler's interest, would, we think, have obtained valuable rights.

Reversed.