Hardin v. White et al.

HARDIN v. WHITE ET AL.

1. **Injunction:** TO STAY EXECUTION SALE: AMOUNT OF BOND REQUIRED. Where it is sought to restrain the collection of a judgment, the injunction bond must be for double the amount of the judgment; (Code, § § 3396, 3397;) but this rule does not apply where it is sought only to restrain the sale of certain specific property under the execution issued upon the judgment.

2. **Judicial Sale for part of Judgment:** SALE OF RIGHT OF REDEMPTION FOR RESIDUE. Where a judgment creditor causes real estate to be sold upon execution issued for a part only of his judgment, he cannot afterwards sell the debtor's right to redeem, upon another execution issued upon the remainder of his judgment; and it makes no difference that the second execution is issued under a decree in another action, where it appears that the *debt* in both actions is the same, and that the execution plaintiff is entitled to but one satisfaction. *Barnes v. Cavanagh*, 53 Iowa, 27, distinguished.

*Appeal from Keokuk Circuit Court.*

THURSDAY, JUNE 6.

ACTION to enjoin an execution sale of certain real estate in the city of Keokuk. The action was brought upon the alleged ground that the real estate was not subject to sale upon the execution. There was a decree for the plaintiff. The defendant, White, appeals.

*W. B. Collins,* for appellant.

*W. J. Roberts* and *D. N. Sprague,* for appellee.

ADAMS, J.—I. The injunction bond filed in the case was not for double the amount of the judgment upon which the execution issued. The defendant filed a motion for increase of the bond, and for dissolution of the injunction, if the bond be not increased. The court overruled the motion. The defendant complains of the action of the court in this respect.

1. INJUNC-
TION: to
stay execu-
tion sale;
amount of
bond requir-
ed.

Where proceedings in a civil action upon a judgment are sought to be enjoined, the bond must be conditioned for the payment of the judgment; and the penalty of the bond must be double the amount thereof. Code, § § 3396 and 3397. Very clearly, the bond in this case is insufficient, if the object of the action is to stay proceedings upon a judgment within the meaning of the statute. But the execution is general. It was not levied upon the property in question in pursuance of any express judgment or order of court to that effect, and the object of the action is not to enjoin the execution, but merely the sale under it of this particular piece of property. It would impose a great hardship to require a person, who seeks only to enjoin the sale of a particular piece of property under general execution, to file a bond in double the amount of the judgment, and conditioned for its payment. The case is widely different from one where an injunction is sought for the purpose of defeat-

ing or postponing the collection of the judgment. The denial of the right to sell a particluar piece of property under general execution is not, in any proper sense, we think, a denial of the right to proceed under the judgment; and, in our opinion, the statute is not susceptible of the construc-. tion which the defendant would put upon it. We think that the motion, based upon the alleged defect in the bond, that it was not for double the amount of the judgment, was properly overruled.

II. We come, next, to the question as to whether the property was liable to the execution. The property sought 2. JUDICIAL to be sold was a mere statutory right of redemp- sale for part of judgment: tion from a sale made by the execution creditor, sale of right of redemption under a decree which embraced the indebtedness for residue. for which the execution in question was issued. The decree was rendered in pursuance of the foreclosure of several liens against the property, held by the appellant, White, which decree was for $3,690.31, bearing ten per cent interest, and for $743.18, bearing eight per cent interest. A single special execution was awarded against the property. White, instead of taking a special execution for the whole amount, took execution for the amount bearing ten per cent interest, and sold and bid in the property for that amount, and then took a general execution for the balance, and caused the same to be levied upon the statutory right of redemption. He claims that he is entitled to make an absolute sale of the right, without leaving in the debtor the right of redemption from such sale, and that the purchaser will become entitled to a deed and immediate possession.

But we have to say that we think that, when he took execution under the decree, and sold and bid in the property, he exhausted his remedy under that decree, so far as this property is concerned.

Where property is sold upon execution subject to redemption, there is usually, we think, very little competition of bidders, and the execution creditor usually bids in the prop-.

Hardin v. White et al.

crty at his own price. The debtor's protection consists in his right of redemption. If the property is worth redeeming, and the debtor has not the ability to redeem, he may sell to one who can redeem. The creditor cannot properly complain, because he is supposed to have bid for the property all that it is worth to him.

But if the claims of this execution creditor should be sustained, the right of redemption given by statute would be of very little value. By reserving a portion of the judgment for a second execution, the creditor could always, upon appellant's theory, extinguish the right of redemption, if the debtor was unable to protect himself by payment.

If the second sale is not absolute, the debtor could still be so embarrassed by the successive levies, sales and costs, that the right of redemption would, we think, ordinarily prove to be of but little value.

We do not say that a statutory right of redemption may not be sold upon execution. It has been held that it may be. *Barnes v. Cavanagh*, 53 Iowa, 27. But the judgment under which it was held that it might be sold was not a part of the judgment under which the first sale was made, nor so embraced in the same decree (as in the case at bar) that one execution could and should have been issued for the whole.

As tending to support the doctrine of this opinion, see *Clayton v. Ellis*, 50 Iowa, 590, and *Hayden v. Smith*, 58 Id., 285. We think that the judgment of the circuit court must be

AFFIRMED.

### ON REHEARING

THE defendants insist that we have made two material mis-statements or assumptions. We assumed that the property was bid in under the first execution by the execution creditor, whereas it is said that it was sold to one Dickerson. The statement was made in giving a history of the case, as we understood it at the time, but we attached no especial

importance to the statement, nor is it shown in the petition
for rehearing that it has any importance.  If the difference
between the fact, as it is claimed to be, and our statement has
any materiality, our statement is the more favorable to the
defendant.  We assumed that the property was bid in by the
creditor for all that he was willing to give.  If it was sold
to a third person, it was sold for more than he was willing to
give.

We come now to another point which is of more impor-
tance, and demands a fuller consideration than we gave it.
THE SAME.    The original opinion proceeds upon the theory
that the defendant, as execution creditor, took
execution for only part of his decree, and is now attempting
to sell the same property for the balance.  On re-examina-
tion, we have to say that it appears to us that this theory is
substantially correct.  But a fuller statement of the facts
should properly have been made.  While it is true that the
execution sought to be enjoined was issued for a balance due
on the decree for part of which execution had already been
issued, and the property sold, yet it was issued upon a decree
obtained in a different action.  The execution creditor held
two decrees; one obtained in the foreclosure of certain chat-
tel mortgages, and the other obtained in the foreclosure of
certain real estate mortgages.  A certain claim purchased by
the execution creditor from one Minnie E. Hardin was secured
by mortgage upon both the personalty and realty, and the
mortgage in each case constituted the last lien.  His claim
was recognized and provided for by decree in each foreclosure.
But the personalty and realty were both exhausted by the
respective liens resting thereon.  The real estate was sold
under an execution issued for a part of the decree in the de-
fendant's favor.  The execution sought to be enjoined is issued
for the balance of his claim.

The original opinion holds that, where an execution credi-
tor takes an execution for part of a decree, when he might,
and should properly, have taken it for the whole, and sells

real estate under it, he exhausts his remedy under that decree. The defendant contends that, whether that is correct or not, that is not his case, because he is not proceeding under the decree obtained in the real estate foreclosure, and under which the realty in question was sold, but under the decree obtained in the chattel mortgage foreclosure. He contends that he is within the rule in *Barnes v. Cavanagh*, 53 Iowa, 27, where it is held that successive sales may be made of the same property, under executions issued upon different judgments rendered upon different claims. But it is clear that the principle involved in the case at bar was not involved in that case. The defendant is seeking to sell, for indebtedness embraced in the real estate decree, under which the property has been once sold; and this is not the less true because the same indebtedness is embraced in a different decree, and the defendant has elected to take execution under that decree. We could not sustain the defendant, without attaching more importance to the form than to the substance of things, and sacrificing principle. So far as the question before us is concerned, we must treat the two decrees, so far as they are rendered for the same indebtedness, as identical. This indebtedness can be collected but once. While formally the execution was issued upon the decree rendered in the chattel mortgage foreclosure, it was issued just as esentially for the balance due on the decree in the real estate foreclosure, as if it had been issued formally upon that decree. If the execution is satisfied, both decrees become satisfied at once.

It is true that the balance remaining due on the decree in the chattel mortgage foreclosure appears to be a few dollars larger than the balance remaining due on the decree in the real estate foreclosure, the difference being the amount of certain insurance paid. Whether the property in question could be sold for that amount alone, we need not determine, as no such question is presented. We think that the original opinion is substantially correct, and the judgment is

AFFIRMED.