Argued 1 February, decided 30 April, 1905.

**KASTON v. STOREY.**

80 Pac. 217.

NATURE OF MORTGAGE IN OREGON.

1. In Oregon a mortgage of real estate creates only a lien thereon, the title remaining in the mortgagor, or his successor in interest, until the issuance of a sheriff's deed in due course of law.

LIEN OF JUDGMENT ON MORTGAGED LAND.

2. In view of Section 205, B. & C. Comp., providing that from the date of docketing a judgment it shall be a lien upon all the real property of the defendant within the county, or which he may afterwards acquire, a judgment that is docketed against a mortgagor after a sale of his real estate under foreclosure decree, but before expiration of the period of redemption, becomes a lien on the property, subject to be defeated only by the execution and delivery of a sheriff's deed.

EFFECT OF REDEMPTION BY GRANTEE OF MORTGAGOR AFTER SALE.

3. Under Section 250, B. & C. Comp., providing that a judgment debtor or his successor in interest may at any time prior to confirmation of the sale, and within a year thereafter, redeem the property by paying the purchase money, with interest, taxes, etc.; and section 427, providing that a decree of foreclosure shall bar the equity of redemption, but that property sold on execution issued on a decree may be redeemed in like manner as property sold on an execution on a judgment, a redemption from a sale on a foreclosure decree by a grantee of the mortgagor who acquires title after the sale terminates all proceedings under the order of sale and leaves the property as though no steps had been taken to enforce the decree.

LIS PENDENS.

4. Under the doctrine of lis pendens, one who acquires title to or a lien upon mortgaged real property after the commencement of a foreclosure suit, is bound by the decree, though not a necessary party thereto, and a sheriff's deed issued under a sale pursuant to such decree will cut off the holder of such title or lien; but if the proceedings under the decree are terminated by a redemption, the subsequently acquired title or lien becomes enforcible.

For instance: Where, pending foreclosure of a mortgage, a creditor of the mortgagor recovers and dockets a judgment against him, and thereafter a subsequent grantee of the mortgagor redeems the property from the sale under the foreclosure decree, the judgment creditor thereupon becomes entitled to enforce such judgment against the land, the foreclosure enforcement, which was paramount to the judgment, being removed by the redemption.

CONTROLLING EFFECT OF ISSUES IN THE PLEADINGS.*

5. Cases must be decided on the issues made by the parties through their pleadings, and rights not thus asserted cannot be considered.

For example, in a suit to restrain the enforcement of an execution on a judgment by a redemption from a previous sale under a foreslosure decree, the court cannot consider plaintiffs' right to be subrogated to the claim of the foreclosure creditor from whom he redeemed, as the suit was not instituted for that purpose.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by J. E. Kaston and others against W. A. Story, sheriff, and O. F. Paxton, to enjoin the sale of real property under an execution issued on a judgment at law. The facts are these: On July 7, 1902, Jennie Y. Wade obtained a decree against Lundin and wife, foreclosing two mortgages given by them on the real property in question. An execution was issued on the decree, and the property sold on August 20, 1902, for more than sufficient to satisfy the decree, costs and expenses. After the sale, and before the confirmation thereof, Leonard and Wolff commenced an action at law against Lundin and one Lang-

---

*NOTE.— See *Boothe* v. *Farmers' Bank, post.*—REPORTER.

ford to recover money, and such proceedings were thereafter had in the action that on September 8, 1902, a judgment was recovered against Lundin and Langford, which was duly entered in the judgment lien docket on the same day. A few days later the sale under the foreclosure decree was confirmed. Before the time for redemption had expired, however, Lundin and wife conveyed the mortgaged property by deed to the plaintiff Kaston, who on the 22d of August, 1902, redeemed from the sale under the Wade decree. The judgment at law in favor of Leonard and Wolff and against Lundin had in the mean time been assigned to the defendant Paxton, who, after the redemption by plaintiff, caused an execution to be issued thereon, and the real property in question levied upon and advertised for sale to satisfy the same. This suit was commenced by Kaston to enjoin such sale, and from the decree in his favor the defendants appeal.            Reversed.

For appellants there was a brief and an oral argument by *Mr. Ossian Franklin Paxton.*

For respondents there was a brief with oral arguments by *Mr. Granville Gay Ames. Mr. Claude Strahan, Mr. Waldemar Seton, Mr. William York Masters, Mr. William Ambrose Munly,* and *Mr. Andrew Taylor Lewis.*

Mr. Justice Bean delivered the opinion of the court.

1. A mortgage of real property in this State does not pass the title, but merely creates a lien : *Anderson* v. *Baxter,* 4 Or. 105; *Sellwood* v. *Gray,* 11 Or. 534 (5 Pac. 196). The legal title remains in the mortgagor or his successor in interest until a sale under a foreclosure decree has ripened into a title by the execution and delivery to the purchaser of a sheriff's deed in due course of law : *Dray* v. *Dray,* 21 Or. 59, 66 (27 Pac. 223).

2. Therefore, at the time the judgment of Leonard and Wolff against Lundin was recovered and docketed, the

legal title to the property was in Lundin, subject to the inchoate right of the purchaser at the foreclosure sale, and the judgment became a lien on such property, subject to be defeated only by the consummation of such sale by the execution and delivery of a sheriff's deed : B. & C. Comp. §§ 205, 227; 2 Freeman, Executions (3 ed.), § 182; 2 Freeman, Judgments (4 ed.), § 349; *Curtis* v. *Millard,* 14 Iowa, 128 (81 Am. Dec. 460); *Barnes* v. *Cavanagh,* 53 Iowa, 27 (3 N. W. 801).

3. The redemption by the plaintiff as the successor in interest of the judgment debtor, however, put an end to any further proceedings to enforce the decree, defeated the inchoate right or title of the purchaser, and restored the property to the same condition as if no sale had been attempted : B. & C. Comp. §§ 250, 427; *Cartwright* v. *Savage,* 5 Or. 397; *Settlemire* v. *Newsome,* 10 Or. 446; *Flanders* v. *Aumack,* 32 Or. 19 (51 Pac. 447, 67 Am. St. Rep. 504). The redemption obliterated every effect and consequence of the foreclosure sale, and the parties to this suit now stand in precisely the same position, so far as the right of the defendants to proceed on the judgment at law is concerned, as if there had been no proceedings to enforce the decree, and Lundin had, subsequent to the recovery and docketing of the judgment at law, conveyed the property to the plaintiff. In such a case the property would unquestionably be subject to the lien of the judgment and liable to a sale on the execution thereunder.

4. The plaintiff contends, however, that, as the judgment of Leonard and Wolff was obtained pendente lite and after the sale under the decree of foreclosure, it is effectually barred by such decree. Reliance is had in support of this position on *Williams* v. *Wilson,* 42 Or. 299 (70 Pac. 1031, 95 Am. St. Rep. 745). That case is essentially different from this. It was a suit to foreclose a mortgage. A judgment against the mortgagor had been recovered and

docketed subsequent to the execution of the mortgage and prior to the commencement of the foreclosure suit. The judgment lien creditor was made a party to the suit. He appeared and set up his judgment by answer or cross-complaint, and secured a decree that the proceeds of the sale of the mortgaged property, after satisfying prior liens, should be applied in payment of his judgment. The court held that the rights of such a judgment lien creditor as against the particular property were merged in and must be worked out through the decree, and consequently he could not have the premises resold under an execution issued on his judgment at law for a deficiency due him thereon, when the property had been redeemed from the foreclosure sale by a grantee of the mortgagor, who took subsequent to the rendition of the decree. In this case, Leonard and Wolff were not parties to the foreclosure suit, and could not have been made so. Their action at law was commenced, and judgment recovered, after the decree. They did not and could not have appeared in the foreclosure suit and set up their claim by answer or cross-bill, and their lien was not merged in the decree, and could not be worked out through it. Their rights did not in any way depend upon the decree of foreclosure, but wholly upon their judgment at law, obtained subsequent to the decree. Now, under the doctrine of lis pendens, one who acquires title to, or a lien upon, or an interest in, mortgaged real property after the commencement of a foreclosure suit, is not a necessary party thereto, but is bound by the decree: 21 Am. & Eng. Enc. Law (2 ed.), 645; *Houston* v. *Timmerman*, 17 Or. 409 (21 Pac. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 848); *Jennings* v. *Kiernan*, 35 Or. 349 (55 Pac. 443, 56 Pac. 72); *People's Bank* v. *Hamilton Mfg. Co.*, 10 Paige, 481; *Whitney* v. *Higgins*, 10 Cal. 547 (70 Am. Dec. 748). And his interest is effectually cut off and barred by such decree, if a sale takes place thereunder, and such sale

ripens into a title by the execution and delivery of a sheriff's deed : *Fuller* v. *Scribner*, 16 Hun, 130. When, however, an inchoate sale under the decree is arrested and the effect thereof terminated by the judgment debtor or his successor in interest redeeming, the judgment lien creditor is not deprived of his right to proceed on his judgment as against the debtor or his grantee: *Curtis* v. *Millard*, 14 Iowa, 128 (81 Am. Dec. 460). The observation of Mr. Jones, quoted in *Williams* v. *Wilson*, 42 Or. 299 (95 Am. St. Rep. 745, 70 Pac. 1031), that a creditor having judgment rendered before the sale but subsequent to the decree is as effectually barred by the sale as if he had been made a party to the proceedings (2 Jones, Mortgages, 6 ed., § 1437), manifestly has reference to a completed and not an inchoate sale. There is no sale, in the legal sense, under a judgment or decree until the title passes. Until that time the purchaser has a mere inchoate and defeasible right to a conveyance of the legal title. When the judgment debtor or his successor in interest redeems, the process of transfer of title to the purchaser is arrested, his equitable interest terminated, and is as if it had never existed : *Settlemire* v. *Newsome*, 10 Or. 446. We are of the opinion, therefore, that the defendant Paxton is not barred from proceeding under his judgment at law by the decree in the foreclosure suit or the subsequent proceedings had thereunder.

5. It is argued that in any event the plaintiff is entitled to be subrogated as against the defendant Paxton to the right of the plaintiff in the foreclosure suit, but that question is not properly here. This is not a suit for subrogation, but merely to enjoin a sale under the judgment at law. The only question for decision is whether the defendants had a right, under the facts as they appear in the complaint, to proceed to a sale under the execution on the judgment

recovered by Leonard and Wolff against Lundin, and not what interest the purchaser will acquire by such sale.

The decree of the court below is reversed, and the complaint dismissed.                    REVERSED.