Argued and submitted February 13, affirmed October 12, 1981

# MOCKBEE,
*Appellant,*

*v.*

# JENSEN et al,
*Respondents,*

## (A 7711 15563, CA 16047)

634 P2d 791

Lee S. Aronson, Portland, argued the cause for appellant. With him on the briefs was Jensen, DeFrancq, Holmes & Schulte, Portland.

Paul R. Duden, Portland, argued the cause for respondents. On the brief were Michael J. Gentry, and Tooze Kerr Marshall & Shenker, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

By these proceedings, plaintiff seeks specific enforcement of an earnest money agreement for the purchase of real property. The trial court entered a decree in favor of defendants. We affirm.

The historical facts leading up to this litigation are very complex, but we need not set them out in detail. Defendant Jensen is the party against whom enforcement is sought and will be referred to as the defendant or Jensen. We need not concern ourselves with the other parties to this action. It is sufficient to point out that plaintiff entered into an earnest money agreement with William Stine, by the terms of which Stine agreed to sell his vendee's interest under a land sale contract, in which defendant Jensen was the vendor, to plaintiff. At the time of the earnest money agreement, the Jensen-Stine contract was in default, all sums due thereunder had been accelerated and the contract was the subject of a strict foreclosure suit then pending. As an addendum to the earnest money agreement, plaintiff's obligation to assume the outstanding contract balance was made subject to the following provisions:

"(1.) purchaser to apply for and to obtain R-4 zoning & variance to build four (4) units on said premises. (2.) *assumption of existing contract terms & conditions.* (3.) contract holder to give lot release on easterly vacant lot to build du-plex for the sum of $7,500.00 payable upon receipt of release, balance of contract to apply to lot w/house and additional du-plex lot. (4.) purchaser to inspect & approve 2 Br. house on premises to his satisfaction, within 48 hrs. of acceptance of this earnest money agreement & addendum terms." (Emphasis supplied.)

Plaintiff recognized that the zone change and the lot release conditions required Jensen's consent. He did not consider it necessary to obtain defendant's consent to the assignment of the vendee's interest under the contract, although he felt that he should do so. It appears from the way the transaction was structured that plaintiff had a basic misunderstanding of the situation with respect to the vendee's interest which he wanted to purchase. Under the doctrine of *lis pendens,* one who acquires an interest in real property after the commencement of a foreclosure suit takes that interest subject to the outcome of the suit, even

though he is not a party to the proceeding. *Kaston v. Storey,* 47 Or 150, 80 P 217 (1905). Had Jensen proceeded with the foreclosure suit and obtained a decree foreclosing all of Stine's interest in the real property, plaintiff's interest would have been cut off by that decree. Jensen, however, did not proceed to a decree in the foreclosure proceeding; instead, he took an assignment of Stine's interest under the contract.

Plaintiff contends that Jensen took the assignment of the vendee's interest from Stine subject to the outstanding rights of plaintiff under the earnest money agreement. Defendant, on the other hand, contends that the assignment was a transfer in lieu of foreclosure and had the same effect as a decree of foreclosure. *See Schlegel v. Doran,* 260 Or 270, 490 P2d 163 (1971). We need not decide that question here, because even if Jensen did take the vendee's interest so assigned subject to plaintiff's rights under the earnest money agreement, plaintiff had no rights to enforce against Jensen unless Jensen and plaintiff agreed to the reinstatement of the contract and to plaintiff's assumption of the vendee's obligations thereunder.

■ Plaintiff contends that he and Jensen did, in fact, agree to reinstate the contract and to plaintiff's assumption of the vendee's obligations under it. We conclude that the record does not support that contention. Jensen's proposed agreement with plaintiff required that plaintiff bring the interest and real property taxes current; plaintiff rejected those requirements, arguing that his earnest money agreement with Stine provided that taxes would be prorated at the time of closing. We accept the testimony of Jensen's attorney that no agreement was reached between Jensen and plaintiff short of the proposed assumption agreement, which plaintiff rejected. We so conclude, even if Jensen's attorney had the authority to make an agreement for Jensen and even if plaintiff might avoid the application of the statute of frauds, ORS 41.580(6), precluding enforcement of an agreement concerning real property made by an agent of the party sought to be charged unless the authority of the agent is in writing.

Affirmed.