655 P.2d 1341

Owen D. SKOUSEN and Nancy C. Skousen, husband and wife, Plaintiffs-Appellants,

and

UNITED STATES of America; Carpet Mart, Inc., a corporation; Melba Smith; Silo of Arizona, Inc., an Arizona corporation, dba Appliance T.V. City; Laurie Karr; Gove L. Allen; Maricopa County; Pennysaver, Inc., an Arizona corporation; Richard P. Mason and Jane Mason, husband and wife, Involuntary Plaintiffs-Appellants,

v.

L.J. DEVELOPMENT CO., INC., an Arizona corporation; S. Ted Sorenson and Carol S. Sorenson, husband and wife; and John Chalk, Defendants-Appellees.

No. 1 CA–CIV 5521.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 28, 1982.

Rehearing Denied Nov. 22, 1982.

Review Denied Dec. 21, 1982.

Allen & Standage by Gove L. Allen, Mesa, for plaintiffs-appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Wilbert G. Anderson, Phoenix, for defendants-appellees.

### OPINION

OGG, Presiding Judge.

This is an appeal by plaintiffs/appellants Owen D. Skousen and Nancy C. Skousen, husband and wife, from an order of the trial court granting the defendants/appellees' motion for summary judgment.

The issue presented in this appeal is whether judgment liens which attach to real property after the filing of a foreclosure action, remain in effect against the property upon redemption from foreclosure sale by the judgment debtors' grantees.

The facts pertinent to this appeal are as follows. The appellants owned real property in Mesa, Arizona. Southwest Savings and Loan Association (Southwest Savings) held a deed of trust on the property. A second deed of trust was held by Tom Stap-ley and Associates (Stapley) and Reichard Realty, Inc. to secure payment of a real estate broker's fee.

Southwest Savings filed suit to judicially foreclose its deed of trust. Prior to Southwest Savings' filing of an amended lis pendens in the action, two United States federal tax liens attached to the property. After filing of the lis pendens notice, but prior to foreclosure sale, two more judgment liens were recorded by Carpet Mart, Inc. and Melba Smith.

The Skousens, Stapley and Reichard Realty were made parties to the foreclosure suit. The judgment in the suit declared the interests of the three defendants in the property to be limited to the right to redeem. Southwest Savings bid in the property for the amount of its judgment at the sheriff's sale on execution held on February 1, 1979.

Subsequent to the sale and prior to the expiration of the period of redemption, six additional liens attached to the property.[1] The appellants' attorney also placed a voluntary retainer agreement and lien on the property during that period. Additionally, during that time period, Stapley and Reichard Realty quitclaimed their interest in the property to the Skousens.

On the last day for redemption,[2] August 1, 1979, the Skousens transferred their interest in the property to S. Ted Sorenson and Carol Sorenson, husband and wife, by quitclaim deed. The Skousens also delivered the quitclaim deeds from Stapley and Reichard Realty to the Sorensons. The Sorensons redeemed the property the same day.

■ Upon redemption, the Sorensons received a redemption deed from the sheriff.[3] Thereafter, the Sorensons deeded the prop-

---

1. Silo of Arizona, Inc.; Richard P. and Jane Mason (4/2/79); Laurie Karr; Maricopa County; Pennysaver, Inc.; Richard P. and Jane Mason (6/26/79).

2. A.R.S. § 12–1282(B) provides a six-month period during which time "[t]he judgment debtor or his successor in interest may redeem ...".

3. Appellants argue that the sheriff should have issued a certificate of redemption rather than a deed to the Sorensons. Although we agree

erty to L.J. Development Co., Inc. L.J. Development deeded the property back to the Sorensons, who then placed a deed of trust on the property in favor of First Fidelity Mortgage Company. Subsequently, Sorenson traded the property in question to John Chalk for another residential property.

Appellants commenced this suit on January 31, 1980 for a judgment declaring that the liens attaching to the property subsequent to the foreclosure action and prior to the conveyance to the Sorensons were not extinguished when the Sorensons redeemed. Appellants named the lienholders as involuntary plaintiffs, although none of the lienholders were served with process, and none, with the exception of appellants' attorney, participated in the case.

As noted above, the trial court granted appellees' motion for summary judgment and declared Chalk the owner of the property free of all liens asserted by appellants on behalf of the involuntary plaintiffs. Upon review, we reverse.

This is a case of first impression in Arizona. There appears to be a conflict in the cases as to whether liens attaching to the judgment debtor's property remain in effect after the judgment debtor's grantee redeems the property from foreclosure sale. G. Osborne, *Mortgages,* § 309 at 642 (2d ed. 1970); Annot., 5 A.L.R. 145 (1920).

■ Appellants, nevertheless, argue that most case law supports their position that liens are not extinguished when the judgment debtor's grantee redeems. The appellees contend that we should adopt the rule of lien extinguishment as most consonant with the underlying purpose of the redemption statutes. That purpose, according to the appellees, is to force the foreclosing

mortgagee and junior lienors to bid on the property at a price approximating its fair value and thereby prevent high deficiency judgments against the mortgagor. Under the facts presented to us, we agree with the rule articulated by appellants.

While we do not dispute the general validity of appellees' policy argument, the rule which the appellees endorse would be inappropriate under our facts.[4] None of the lienholders in this case were made parties to the original foreclosure action, and the majority of the lienholders obtained their liens against the judgment debtors after the foreclosure sale had taken place. As a result, the lienholders had little or no opportunity to bid at the foreclosure sale.

■ A review of the cases cited by the parties indicates that the better reasoned cases hold that only parties to the original foreclosure decree are bound by that decree. *See Zellerbach Paper Co. v. Valley National Bank of Arizona,* 18 Ariz.App. 301, 501 P.2d 570 (1972); *Hack v. Snow,* 338 Ill. 28, 169 N.E. 819 (1930); *Cadd v. Snell,* 219 Iowa 728, 259 N.W. 590 (1935); *Stiles v. Bailey,* 205 Iowa 1385, 219 N.W. 537 (1928); *Call v. Jeremiah,* 246 Or. 568, 425 P.2d 502 (1967); *Kaston v. Storey,* 47 Or. 150, 80 P. 217 (1905).

In *Kaston v. Storey, supra,* two judgment creditors obtained a personal judgment against the mortgagor Lundin after foreclosure and judicial sale under the mortgage. The mortgagor's grantee then redeemed the property. The court held that because the two creditors were not made parties to the foreclosure suit, their judgment liens survived the foreclosure decree.

Another more recent Oregon case, *Call v. Jeremiah, supra,* deals with a different situ-

---

with appellants, we need not address this issue further due to our disposition of this case.

4. Although not raised by any of the parties, we note the effect of A.R.S. § 33–729(A) on the policy argument raised by the appellees. This section precludes a deficiency judgment after foreclosure of a purchase money mortgage placed on property of 2½ acres or less which is

utilized for a single family dwelling. The appellants' property was of the type to which § 33–729 pertains. (§ 33–729 applies to the judicial foreclosure of a deed of trust pursuant to § 33–814(C). § 33–814(E) contains a similar anti-deficiency judgment provision for trustee sales under a deed of trust).

ation. In *Call v. Jeremiah,* the court held that a second mortgagee who was made a party to an action to foreclose a first mortgage could not maintain a subsequent action to foreclose the second mortgage. The court noted that:

> The crux of the distinction between *Kaston* and the present case, however, is that in the former case the judgment creditor *was not joined as a party defendant* in the proceeding to foreclose the prior lien. Here the junior encumbrancer was joined in the suit to foreclose the first mortgage, and having failed to appear, stands in a different position from one who was never given notice and, consequently, never given an opportunity to appear. (Emphasis supplied).

246 Or. at 584, 425 P.2d at 509.

The court in *Hack v. Snow, supra,* followed the more extreme position that even if judgment creditors are made parties to the foreclosure proceedings, their liens are not eliminated unless the foreclosure decree specifically provides for payment of junior liens. In *Hack,* a mortgagor's grantee took the property subject to junior liens because the court in the earlier foreclosure decree failed to order payment of the liens inferior to the foreclosed mortgage. Without deciding whether liens must be specifically foreclosed in the decree to extinguish them, we hold that junior lienholders may enforce their liens against the judgment debtor or his grantee unless they are made parties to the foreclosure action.

The appellees rely heavily on language in *Call v. Jeremiah, supra,* which states that even if liens are held to remain in effect upon redemption by the judgment debtor, a different rule should apply when redemption is made by the judgment debtor's grantee. The appellees are misguided in their reliance upon the *Call v. Jeremiah* case.

*Call v. Jeremiah* dealt with whether a second mortgage lien was revived after redemption by the mortgagor's grantee, following foreclosure suit in which the second mortgagee was named as a party to the proceeding. In the present case, the lienholders (judgment creditors) were not parties to the foreclosure proceeding. For this reason alone, the language from *Call v. Jeremiah* relied upon by appellees is inapplicable to this case. We find the earlier Oregon decision of *Kaston v. Storey* is more directly in point and supportive of our decision.

In the facts presented in this appeal, the appellants conveyed all of their interest in the property to the grantee after the creditors had obtained their judgments against appellants. Arizona follows the rule that the mortgagor retains legal title to the property during the redemption period. *First National Bank v. Maxey,* 34 Ariz. 438, 272 P. 641 (1928); *Perry v. Safety Federal Savings and Loan Association,* 25 Ariz.App. 443, 544 P.2d 267 (1976). The judgment creditors' liens, therefore, attached to the judgment debtors' retained interest in the property and remained in effect upon conveyance to the grantee.

California cases also follow the rule that the grantee takes subject to the liens obtained against the property of his grantor.[5] In *Kaiser v. Mansfield,* 160 Cal.App.2d 620, 325 P.2d 865 (1958), the court stated that redemption statutes

> were designed to protect the redemptive rights of various parties, not to relieve the judgment-debtor from the payment of his just debts. When a redemption is made by a creditor the junior lien which is wiped out does not represent a debt which is owed by the redeeming creditors. There would be no justice, however, in permitting a judgment-debtor to redeem from the first execution sale and thereby cancel and wipe out his obligation on other execution liens which he also owes. We cannot construe these statutes as hav-

---

5. California cases are of particular interest as Arizona has adopted much of its redemption and mortgage statutes from California's civil code. *See* A.R.S. § 12–1281 *et seq.* and § 33–701 *et seq.*

ing that effect and as leading to such a result. *The same rule would apply where the redemption from the first sale is made by the "successor in interest" [cite omitted] of the judgment-debtor who stands in his shoes, and is entitled only to the same rights.* (Emphasis added).

160 Cal.App.2d at 629, 325 P.2d at 871. *Accord, Call v. Thunderbird Mortgage Co.,* 58 Cal.2d 542, 375 P.2d 169 (1962); *Graham v. Alcoves, Inc.,* 148 Colo. 379, 366 P.2d 375 (1961); *Mihoover v. Walker,* 63 Colo. 22, 164 P. 504 (1917). *See also,* G. Osborne, *Mortgages,* § 309 at 643 (2d ed. 1970).

We, therefore, hold that where judgment creditors are not parties to a foreclosure action and obtain liens against a mortgagor's retained interest in property, the liens remain in effect against the property upon redemption from foreclosure sale by the judgment debtor's grantee.[6]

For the reasons expressed in this opinion, the order of the trial court in granting the appellants' motion for summary judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

FROEB, J., and RICHARD M. DAVIS, J. pro tem., concur.

*NOTE:* The Honorable RICHARD M. DAVIS, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.

---

6. The appellees further argue that if the liens are held to be effective, the appellants should be required to pay to the appellees the amount paid to redeem the property plus interest from the redemption date. We do not deem this issue to be appropriate for resolution in this appeal which is limited to the appellants' challenge to the trial court's order granting the appellees' motion for summary judgment.